1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DANNY T. WILLIAMS, JR.,

11          Petitioner,                    No. CIV S-05-1313 LKK DAD P

12      vs.

13   STUART RYAN, et al.,

14          Respondents.                   ORDER

15   _____/

16          Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas

17   corpus pursuant to 28 U.S.C. § 2254.  Before the court are petitioner's motions to hold this action

18   in abeyance and to proceed in forma pauperis.

19          Examination of the in forma pauperis application reveals that petitioner is unable

20   to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis will be

21   granted.  See 28 U.S.C. § 1915(a).

22          With respect to the motion for a stay and abeyance, petitioner filed his motion

23   concurrently with his petition for a writ of habeas corpus.  The United States Supreme Court

24   recently affirmed the district court's discretion to stay a federal habeas proceeding to allow the

25   petitioner to present unexhausted claims to the state court where there is good cause for the

26   petitioner's failure to exhaust all claims in state court before filing a federal habeas petition.

                                          1

1    <u>Rhines v. Weber</u>, ___ U.S. ___, 125 S. Ct. 1528, 1534-35 (2005). <u>See</u> <u>Anthony v. Cambra</u>, 236

2    F.3d 568, 575 (9th Cir. 2000) (authorizing district courts to stay fully exhausted federal petitions

3    pending exhaustion of other claims); <u>Calderon v. United States Dist. Court (Taylor)</u>, 134 F.3d

4    981, 987-88 (9th Cir. 1998) (recognizing the district court's authority to allow a petitioner to

5    amend a mixed petition to delete unexhausted claims and hold the fully exhausted petition in

6    abeyance).  The Supreme Court cautioned, however, that "stay and abeyance should be available

7    only in limited circumstances" and that a stay "is only appropriate when the district court

8    determines there is good cause for the petitioner's failure to exhaust his claims first in state

9    court." 125 S. Ct. at 1535.  Even if a petitioner shows good cause, the district court should not

10    grant a stay if the claims are plainly meritless. <u>Id.</u>  Finally, federal proceedings may not be stayed

11    indefinitely, and reasonable time limits must be imposed on a petitioner's return to state court to

12    exhaust additional claims. <u>Id.</u>

13           Petitioner's pending motion is vague and conclusory.  The court is unable to

14    determine whether petitioner had good cause for failing to exhaust all claims before filing this

15    action, whether petitioner's unexhausted claims are potentially meritorious, and whether

16    petitioner has acted with diligence. <u>See</u> <u>Taylor</u>, 134 F.3d at 987 nn. 8 & 11 (failure to make a

17    showing of diligence in pursuing additional claims may foreclose a stay).  For these reasons,

18    petitioner's motion will be denied without prejudice to the filing of a new motion.

19           Petitioner will be granted thirty days to file a new motion to stay proceedings.

20    The motion submitted for filing must include a proof of service showing that a copy of the

21    motion was served on respondents' counsel.  The motion must (1) show good cause for

22    petitioner's failure to exhaust all claims prior to filing this action, (2) identify petitioner's

23    unexhausted claims and demonstrate that each is potentially meritorious, (3) describe the status

24    of state court proceedings on the unexhausted claims, and (4) demonstrate that petitioner has

25    acted with diligence in pursuing additional claims.  The court will also order respondents to file

26    their opposition or non-opposition to petitioner's motion.

1    Accordingly, IT IS HEREBY ORDERED that:

2         1.  Petitioner's application to proceed in forma pauperis is granted;

3         2.  Petitioner's motion to hold his petition in abeyance, filed on June 29, 2005, is

4    denied without prejudice;

5         3.  Within thirty days from the service of this order, petitioner shall file a new

6    motion for a stay and abeyance as set forth above, and serve a copy of his motion on Jo Graves,

7    Senior Assistant Attorney General, California Department of Justice, Office of the Attorney

8    General, 1300 I Street, Sacramento, CA 94244-2550.

9         4.  Respondents' opposition or statement of non-opposition to the motion for a

10   stay and abeyance shall be filed within thirty days from the service of the motion;

11        5.  The Clerk of the Court is directed serve a copy of this order together with a

12   copy of the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on Jo Graves, Senior

13   Assistant Attorney General; and

14        6.  Respondents shall not file their response to the petition for a writ of habeas

15   corpus until further order from the court.

16   DATED: January 10, 2006.

17

18                                    _____
                                      DALE A. DROZD
19                                    UNITED STATES MAGISTRATE JUDGE

20   DAD:4
     will1313.msa
21

22

23

24

25

26

3