1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DANNY T. WILLIAMS, JR.,

11           Petitioner,              No. CIV S-05-1313 LKK DAD P

12      vs.

13   STUART RYAN, et al.,             ORDER AND

14           Respondents.            FINDINGS AND RECOMMENDATIONS

15   _____/

16          Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas

17   corpus pursuant to 28 U.S.C. § 2254.  Before the court is respondents' motion to dismiss only the

18   fourth claim of the petition as barred by the applicable one-year statute of limitations.

19                          BACKGROUND

20          On March 11, 2002, petitioner was convicted in the Sacramento County Superior

21   Court of attempted oral copulation in concert and five counts of rape in concert.  It was also

22   found that petitioner personally used a firearm in the commission of those offenses.  As a result,

23   petitioner was sentenced to a term of imprisonment of forty years and six months.  (Petition at 2.)

24          Petitioner appealed the judgment of conviction to the California Court of Appeal

25   for the Third Appellate District.  In that appeal petitioner argued that:  (1) the trial court erred by

26   failing to instruct the jury sua sponte on reasonable and good faith belief of consent; and (2) the

                                   1

1  use of firearm enhancements were not supported by sufficient evidence. (Lodged Doc. 1 at 2.[1])

2  On June 18, 2004, the California Court of Appeal affirmed petitioner's judgment of conviction.

3  On July 29, 2004, a petition for review was filed on petitioner's behalf with the

4  California Supreme Court raising the same two issues presented in the appeal to the California

5  Court of Appeal and on September 1, 2004, that petition for review was summarily denied.

6  (Lodged Doc. 2 and 3.)  Thereafter, petitioner filed two state habeas petitions.  In this regard, on

7  May 27, 2005, petitioner filed a habeas petition with the California Supreme Court presenting a

8  single claim entitled "Accessory/Acting In Concert." (Lodged Doc. 4.)  In that habeas action

9  petitioner argued that because his co-defendants were acquitted he could not be convicted as an

10  accessory or an aider and abettor.  (Id.)  That habeas petition was denied by the California

11  Supreme Court on April 19, 2006, with a citation to In re Dixon, 41 Cal. 2d 756 (1953).  (Lodged

12  Doc. 5.)  Petitioner then filed a second state habeas petition on May 22, 2006 in the Sacramento

13  County Superior Court.  (Lodged Doc. 6.)  Therein, petitioner raised claims entitled

14  "Accessory/Acting in Concert" and "New Evidence, Ineffective Assistance of Counsel During

15  Sentencing, And Mandatory v. Discretionary Consecutive Sentencing." (Id.)  In this second state

16  petition, petitioner presented the same arguments set forth in his earlier petition filed with the

17  California Supreme Court but also argued that the main witness at his trial gave statements

18  inconsistent with her trial testimony, the trial court erred in denying petitioner's motion for a new

19  trial, the trial court should have imposed concurrent sentences on all counts, his co-defendants

20  were now willing to provide testimony helpful to his defense and his trial counsel provided

21  ineffective assistance at the time of sentencing.  (Id.)  On August 10, 2006, the Superior Court

22  denied this petition on the merits and with citation to In re Harris, 5 Cal. 4th 813, 829 (1993), In

23  re Dixon, 41 Cal. 2d 756 (1953) and In re Walteus, 62 Cal. 2d 218, 225 (1965). (Lodged Doc.

24  7.)

25  _____

26       [1] On May 31, 2007, respondents lodged seven documents with the court.

1  On June 19, 2005, petitioner filed his federal habeas petition with this court.[2]

2  Therein, petitioner presents the following four claims:  (1) "The Trial Court Erred in Failing to

3  Instruct the Jury Sua-Sponte on Reasonable And Good Faith Belief in Consent"; (2) "The

4  Firearm Findings Must be Reversed for Insuffcent [sic] Evidence"; (3) "The Trial Court's

5  Failure to give Petitioner's Jury the Proper Instructions, Based on His Defense[] Which Violated

6  his Sixth and Fourteenth Amendment Rights to submit an 'Affirmative Defense' to the Jury";

7  and (4) "Accessory/Acting in Consert [sic] . . . . Petitioners Co-Defendant's [sic] were Acquitted

8  at trial" in which he argued that it is generally recognized that there can be no aiding and abetting

9  conviction stemming from an innocent act.  (Petition at 5-6.)  With his federal habeas petition,

10  petitioner filed at the same time a motion for a stay and abeyance requesting a "temporary stay

11  . . . based upon ground four allege[d] in the petition, is now pending before the California

12  Supreme Court presently."  (Req. for Mot. to Hold Fed. Habeas Procedures in Abeyance, filed

13  June 29, 2005 at 1.)  On January 11, 2006, the court denied the motion for stay and abeyance

14  without prejudice.  Petitioner was granted thirty days to file and serve a new motion for a stay

15  and abeyance properly addressing the requirements for such relief set forth by the U.S. Supreme

16  Court in Rhines v. Weber, 544 U.S. 269 (2005).

17  On February 13, 2006, petitioner filed his second motion for a stay and abeyance.

18  On March 9, 2006, respondents filed a statement of non-opposition to the motion in which they

19  observed:

20  It appears that the cause of Petitioner's failure to exhaust his fourth
    claim for relief prior to filing his June 29, 2005, federal petition for

21  writ of habeas corpus was his confusion concerning the application
    of AEDPA's statute of limitations.  Given that Petitioner filed his

22  California Supreme Court habeas petition alleging his fourth
    ground for relief on May 27, 2005, more than three months before

23

24  _____

    [2]  The petition was received by the Clerk of Court for filing on June 29, 2005.  However,
    the proof of service attached to the petition is dated June 19, 2005, suggesting that was the date

25  petitioner gave it to prison authorities for mailing.  Under the mailbox rule announced in
    Houston v. Lack, 487 U.S. 266, 276 (1988), the undersigned finds June 19, 2005 to be the filing

26  date of the pending petition.

1        AEDPA's one-year statute of limitations would have run, he in fact
2        did not need [to] file his federal petition when he did because his
     state petition tolled the federal statute of limitations.

3   (State. of Non-Opp'n at 1.)

4        On August 16, 2006, the court granted petitioner's motion for a stay and

5   abeyance, directing him to file reports every two months regarding the status of his exhaustion

6   petition in state court.[3]  Petitioner quickly responded with a status report received by the court on

7   August 31, 2006, in which petitioner indicated that his state habeas petition had already been

8   denied by the California Supreme Court back on April 19, 2006.  (Status Report, filed Aug. 31,

9   2006 at 1; Lod. Doc 5.)  In addition, however, petitioner stated:

10       I also had a writ pending in the Superior Court, which was filed 5-
     22-06.  And denied 8-10-06.  [sic]  Therefore I'll be filing a motion
11       to lift the stay on my writ with the District court within 30 days.
     I'll also be adding a few grounds to my writ.  That were recently
12       exhausted in the lower courts.  [sic]

13  (Id. at 1.)

14       Not until December 1, 2006, did the undersigned issue an order acknowledging

15  that petitioner had reported that his exhaustion petition was denied by the California Supreme

16  Court and indicated his intent to file a motion to lift the stay within thirty days.  That order

17  observed that petitioner had failed to file the motion to lift the stay and recognized that petitioner

18  had referred to yet other claims pending before the Superior Court.  Finally, the court's

19  December 1, 2006, order directed petitioner to file his motion to lift the stay or clarify the status

20  of exhaustion of other claims within thirty days.  Respondents filed nothing in response to the

21  court's order.

22  _____

23      [3]  In addition, petitioner was ordered to file a motion to lift the stay and an amended
petition within thirty days after he received a decision from the California Supreme Court on his
exhaustion petition.  The latter aspect of this order was unnecessary since the federal petition
24  pending before this court already included the unexhausted claim four and the court had properly
stayed the mixed petition thus obviating the need for the filing of an amended petition to include
25  the previously unexhausted claim.  See Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005); Robbins
v. Carey, 481 F.3d 1143, 1147 n.1 (9th Cir. 2007); Jackson v. Roe, 425 F.3d 654, 659-61 (9th
26  Cir. 2005).

1    In a letter dated December 14, 2006 and received by the court for filing on

2   December 19, 2006, petitioner stated:

3           I'm filing my status report as ordered.  I was prepared to lift the
            stay of abeyance.  But I was unsure that my grounds denied by the
4           Superior Court are still unexhausted.  So therefore I'm not gonna
            (sic) lift the stay.  Because I'll be filing another writ with the
5           Supreme Court, to present those unexhausted (sic) denied by the
            Superior Court.  So soon as I get a copy of the writ denied by the
6           Superior Court (sic).  I'll be filing another writ in the Supreme
            Court in a timely manner.

7

8   Again, neither the court nor counsel for respondents responded in any way to petitioner's

9   December 19, 2006, status report.  Instead, the next document filed in this action was on January

10  25, 2007, when petitioner submitted what the court has construed as his motion requesting that

11  the stay be lifted.  In the motion, petitioner stated:

12          I'm prepared to proceed with my petition in Federal Court at this
            time.  So I'm requesting the motion of a stay of abeyance be lifted.
13          [sic]  I was gonna [sic] exhaust some different and new grounds.
            But after consulting with a lawyer.  [sic]  I've choosen [sic] to
14          proceed in Federal Court.

15  (Mot. Requesting Stay be Lifted, filed Jan. 25, 2007, at 1.)

16          On February 27, 2007, the court issued an order lifting the stay and directing

17  respondents to file their response to the petition within thirty days from the date of the court's

18  order.  In response, respondents filed the pending motion to dismiss on May 30, 2007.  Petitioner

19  filed his opposition on July 2, 2007.[4]

20  /////

21  /////

22

23      [4] On January 16, 2008, petitioner filed a document titled, "Amended Complaint," in
    which he argues that the acquittal of his co-defendants in their state court trial is inconsistent
24  with his conviction and that the evidence introduced at his trial was insufficient to support his
    conviction.  The court does not construe the document as an amended habeas petition because it
25  is incomplete and does not include all of petitioner's four claims.  Moreover, for the reasons
    explained in footnote 3, supra, despite the court's prior order, an amended petition is
26  unnecessary.  Therefore, the document will be placed in the file and disregarded.

1                                    RESPONDENTS' MOTION

2               Respondents bring their motion to dismiss pursuant to Rule 4 of the Rules

3 Governing Habeas Corpus Cases arguing that claim four of petitioner's habeas petition filed June

4 19, 2005 is barred by the one-year statute of limitations set forth in 28 U.S.C. §§ 2244(d)(1) and

5 (2).  In this regard, respondents contend that the statute of limitations for the filing of a federal

6 habeas petition in this case began to run on December 1, 2004, ninety days after the California

7 Supreme Court denied petitioner's petition for review.  (MTD at 11.)  Respondents concede that

8 the statute of limitations was tolled for 175 days, while petitioner's May 27, 2005, state habeas

9 petition, in which he argued that he could not be convicted of acting in concert when his co-

10 defendants were all acquitted, was pending before the California Supreme Court.  However,

11 respondents argue that the statute of limitations began to run again when the California Supreme

12 Court denied that habeas petition on April 19, 2006.  (Id.)  Respondents contend that when the

13 California Supreme Court denied habeas relief, petitioner still had 190 days remaining under

14 AEDPA's statute of limitations to return to federal court with the now-exhausted fourth claim for

15 relief.  (Id.)  However, they point out that petitioner instead waited nine months, until January 18,

16 2007, to request this court to lift the stay on his federal petition.  (Id.)  By that time, respondents

17 claim, the statute of limitations on claim four had expired.  (Id.)

18               Relying on the decision in Carey v. Saffold, 536 U.S. 214 (2002), respondents

19 argue that there is no tolling for the time petitioner's "second successive petition" was pending

20 before the Sacramento County Superior Court (from May 22, 2006 to August 10, 2006) because

21 he is entitled to tolling only during one full round of state collateral review.  (MTD at 11.)

22 Respondents also argue that the interval between the California Supreme Court's denial of

23 petitioner's state habeas petition and his filing of a habeas petition in the superior court is not

24 subject to tolling.  (Id.)  Respondents note that even if the court were to allow tolling for the

25 period that the habeas petition was pending before the Superior Court, petitioner's fourth claim is

26 still time-barred.  In this regard, respondents contend that the statute of limitations would have

1   run for 32 days between the Supreme Court's denial and the filing of the petition in the Superior

2   Court and, following its denial, petitioner still waited 161 days before requesting this court to lift

3   the stay.  (Id.)

4         The essence of respondents' argument, unsupported by authority, is that the

5   petitioner wrongfully prolonged the stay granted by this court while he flirted with the notion of

6   attempting to exhaust still more claims in state court.  In this vein, respondents argue that

7   petitioner failed to comply with the requirements set out in Rhines and with this court's

8   instructions to promptly file his amended federal petition following a decision from the

9   California Supreme Court.  (Id. at 11-12.)  Instead, according to respondents, petitioner pursued a

10  second round of state habeas review and delayed over five months more after the Superior

11  Court's denial before abandoning those claims and requesting that this court lift the stay.  (Id. at

12  12.)

13        Finally, respondents argue that petitioner has failed to show that he qualifies for

14  equitable tolling, nor could he since there are no circumstances that would warrant his delays in

15  presenting his fourth claim for relief.  (Id. at 12-13.)

16  PETITIONER'S OPPOSITION

17        Petitioner has filed a two-page opposition in which he contends that there have

18  been several lockdowns at Calipatria State Prison, where he has been incarcerated since his

19  federal petition was filed, which have hindered his efforts to pursue habeas relief.  Petitioner also

20  argues that he was unaware that the statute of limitations was running while his federal action

21  was stayed, and was likewise unaware that he had only 190 days to request this court to lift the

22  stay after the California Supreme Court denied his habeas petition on April 19, 2006.  Petitioner

23  asserts that he is representing himself and that counsel should be appointed to "keep him aware

24  of all the rules and regulations unknown to him."  (Opp'n at 1.)  Finally, petitioner contends that

25  he has discovered new, unexhausted claims that his appointed appellate counsel failed to

26  /////

7

1   discover or present, including "testimony that was not available during trial, that is now

2   available."  (Id. at 2.)[5]

3                                               ANALYSIS

4          Respondents' motion to dismiss presents an issue not previously encountered by

5   the undersigned: When an unexhausted claim is included in a timely-filed mixed habeas petition

6   and the court grants a stay and abeyance, is the unexhausted claim subject to the statute of

7   limitations?  Respondents contend that it is and that the statute of limitations begins to run again

8   from the date the California Supreme Court denies the state habeas exhaustion petition and

9   continues to run until petitioner requests that the stay be lifted on his federal habeas action.  The

10  undersigned disagrees with respondents' analysis.

11         In Rhines v. Weber, 544 U.S. 269 (2005), the U.S. Supreme Court upheld the stay

12  and abeyance procedure, recognizing that if a mixed habeas petition is dismissed, the statute of

13  limitations may bar the petitioner from returning to federal court after exhausting the previously

14  unexhausted claims in state court.  If a stay and abeyance is granted, the mixed petition is not

15  dismissed but is held in abeyance, and the federal action is stayed while petitioner returns to state

16  court to exhaust the unexhausted claims.  544 U.S. at 275.  The Supreme Court cautioned,

17  however, that stay and abeyance should be granted only in limited circumstances.  Id. at 277.

18  There must be good cause for petitioner's failure to exhaust his claims and the unexhausted

19  claims must not be "plainly meritless."  Id.  Moreover, where a stay is granted, the "mixed

20  petition should not be stayed indefinitely . . . . [and] district courts should place reasonable time

21  limits on a petitioner's trip to state court and back."  Id. at 277-78.

22         Here, the court finds that petitioner did not unduly delay in returning to this court

23  and requesting that the stay be lifted.  As indicated above, on August 16, 2006, this court stayed

24

25         [5] Petitioner has not filed another motion for stay and abeyance seeking to exhaust claims
    based upon this alleged newly discovered evidence and the court will therefore not address this
26  argument any further herein.

                                                   8

1   the action and ordered petitioner to file his motion to lift the stay within thirty days after

2   receiving the California Supreme Court's decision on the exhaustion petition setting out his

3   fourth claim for relief before this court.  When that order was issued, the undersigned  was

4   unaware that the California Supreme Court had already denied petitioner's state exhaustion

5   petition approximately four months earlier, and that the habeas petition pending before this court

6   was no longer a mixed petition.  Thus, in ordering petitioner to file a motion to lift the stay

7   within thirty days of the decision from the California Supreme Court, it in effect provided

8   petitioner with a deadline that had already passed.

9           In response to that order petitioner then promptly and properly reported to this

10  court that his state habeas petition had already been denied by the California Supreme Court back

11  on April 19, 2006.  (Status Report, filed Aug. 31, 2006 at 1; Lod. Doc 5.)   However, it was not

12  until the court's December 1, 2006 order, that petitioner was provided with a new deadline for

13  moving to lift the stay.  Petitioner was merely informed that his failure to comply with the court's

14  order would result in the stay being lifted.  On January 25, 2007, petitioner filed his motion

15  requesting that the stay be lifted.  Although that motion was not filed within thirty days as

16  directed in the court's December 1, 2006 order, the undersigned finds that this brief delay on

17  petitioner's part was certainly not excessive.  Moreover, based on petitioner's explanations set

18  forth in his status reports, it does not appear that petitioner was attempting to engage in "abusive

19  litigation tactics or intentional delay."  Rhines, 544 U.S. at 278.

20          The purpose of a stay and abeyance is to allow, in appropriate cases, a petitioner

21  to exhaust his unexhausted claims and to return to federal court without facing a statute of

22  limitations bar.  Jackson v. Roe, 425 F.3d 654, 659-61 (9th Cir. 2005).  In the decision in Rhines

23  the U.S. Supreme Court did not suggest that the AEDPA statute of limitations would begin to run

24  again immediately following the exhaustion of state court remedies.  Rather, the Supreme Court

25  merely required the court to set reasonable time limits for petitioner to return to federal court.

26  /////

1  544 U.S. at 278.  That is precisely what this court attempted to do when it granted the motion for

2  stay and abeyance in this action and in issuing its order of December 1, 2006.

3  In their motion to dismiss, respondents offer no authority in support of their novel

4  argument that the statute of limitations begins to run once again from the time the state's highest

5  court rules on an unexhausted claim until the petitioner files his motion to lift the stay back in

6  federal court.  This court has also found no authority in support of such a proposition.  Moreover,

7  as indicated above, the court finds that petitioner acted promptly to notify this court that his

8  unexhausted claim had been exhausted while his motion for stay and abeyance had been pending.

9  It was the court and counsel for respondents that failed to react to petitioner's prompt notification

10 in this regard.  Certainly petitioner cannot be held accountable for that.  Finally, the court is

11 cognizant of the fact that petitioner is proceeding pro se in this habeas action and must be held to

12 a more lenient standard than those represented by counsel.  See Sanders v. Ryder, 342 F.3d 991,

13 999 (9th Cir.), cert. denied, 541 U.S. 956 (2003); Peterson v. Lampert, 319 F.3d 1153, 1159 (9th

14 Cir. 2003) (en banc).  Therefore, the court  recommends that respondents' motion to dismiss be

15 denied.

16 CONCLUSION

17 For the reasons set forth above, IT IS HEREBY ORDERED that petitioner's

18 document styled, "Amended Complaint, filed on January 16, 2008, shall be placed in the file and

19 disregarded.

20 Also, IT IS HEREBY RECOMMENDED that:

21 1.  Respondents' motion to dismiss, filed on May 30, 2007, be denied; and

22 2.  Respondents be ordered to file their answer.

23 These findings and recommendations are submitted to the United States District

24 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

25 days after being served with these findings and recommendations, any party may file written

26 objections with the court and serve a copy on all parties.  Such a document should be captioned

1  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

2  shall be served and filed within ten days after service of the objections.  The parties are advised

3  that failure to file objections within the specified time may waive the right to appeal the District

4  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

5  DATED: February 13, 2008.

6

7  _____

DALE A. DROZD

8  UNITED STATES MAGISTRATE JUDGE

9  DAD:4
will1313.mtd

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26