IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANNY TERRANCE WILLIAMS, JR.,

Petitioner,

vs.

BEN CURRY,[1] Warden, Correctional
Training Facility,

Respondent.

No. 2:05-cv-01313-JWS

MEMORANDUM DECISION

Petitioner Danny Terrance Williams, Jr., a state prisoner appearing *pro se*, filed a petition for habeas corpus relief under 28 U.S.C. § 2254. Williams is currently in the custody of the California Department of Corrections and Rehabilitation, incarcerated at the Correctional Training Facility, Soledad, California.

## I. BACKGROUND/PRIOR PROCEEDINGS

Williams was convicted after a jury trial in the Sacramento County Superior Court of attempted oral copulation in concert (Cal. Pen. Code §§ 288a(d), 664) and five counts of rape in concert (Cal. Pen. Code § 264.1), and found that he personally used a firearm in the commission of all counts (§ 12022.3(a)). Williams was tried with his codefendants in a single trial to two different juries. Williams' codefendants were acquitted. Williams was sentenced to state prison for forty years and six months.

Williams timely appealed his conviction to the California Court of Appeal, Third Appellate District, which affirmed his conviction in an unpublished reasoned decision on June 18, 2004.[2] The California Supreme Court summarily denied review without opinion or

---

[1] Ben Curry, Warden, California Correctional Facility, is substituted for Stuart J. Ryan, Warden, Caliapatria State Prison. Fed. R. Civ. P. 17(d).

[2] Available online at 2004 WL 1368340 (Cal.App. 3 Dist.)

citation to authority on September 1, 2004.  Williams' conviction became final 90 days later,
December 1, 2004, when his time for petitioning for *certiorari* before the U.S. Supreme Court
lapsed.

On May 27, 2005, Williams filed a petition for a writ of habeas corpus in the California
Supreme Court, which the Supreme Court denied, citing *In re Dixon* (1953) 41 Cal.2d 756, on
April 21, 2006.  On May 22, 2006, Williams filed a petition for a writ of habeas corpus in the
Sacramento County Superior Court, which denied his petition in a reasoned decision on
August 10, 2006.  Williams timely filed his petition for relief in this Court on June 19, 2005.
This Court stayed and held the petition in abeyance pending exhaustion of Williams' state court
remedies.

## II.  GROUNDS RAISED/DEFENSES

In his petition Williams raises five grounds:  (1) trial court erred in failing to instruct *sua
sponte* that he was entitled to acquittal if he, in good faith, believed the victim had consented to
sexual contact; (2) insufficiency of the evidence to support conviction for using firearms in the
commission the alleged sexual assault; (3) the failure to instruct on his affirmative defense
denied him his rights under the Sixth and Fourteenth Amendments; (4) improper conviction of
acting in concert by reason of the acquittal of his co-defendants; and (5) ineffective assistance of
appellate counsel for failing to discover and raise on direct appeal his fourth ground.

Respondent contends that Williams has failed to exhaust his state court remedies as to his
fifth (ineffective assistance of counsel) claim and his fourth claim (inconsistent verdicts) is
procedurally barred.

## III.  STANDARD OF REVIEW

Because Williams filed his petition after April 24, 1996, it is governed by the standard of
review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28
U.S.C. § 2254(d).  Consequently, this Court cannot grant relief unless the decision of the state
court was "contrary to, or involved an unreasonable application of, clearly established Federal
law, as determined by the Supreme Court of the United States" at the time the state court renders
its decision or "was based on an unreasonable determination of the facts in light of the evidence

presented in the State court proceeding."[3]  The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision."[4]  Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"[5]  When a claim falls under the "unreasonable application" prong, a state court's application of the Supreme Court precedent must be "objectively unreasonable," "not just incorrect or erroneous."[6]  The Supreme Court has made clear that the objectively unreasonable standard is a substantially higher threshold than simply believing the state court determination was incorrect.[7]  Finally, in a federal habeas proceeding, the standard under which this Court must assess the prejudicial impact of constitutional error in a state-court criminal trial is whether the error had a substantial and injurious effect or influence in determining the jury's verdict.[8]

In applying this standard, this Court reviews the last reasoned decision by the state court,[9] which in this case was that of the California Court of Appeal.  Under AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence.[10]

When there is no reasoned state court decision denying an issue presented to the state court and raised in a federal habeas petition, this Court must assume that the state court decided

---

[3] 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 405–406 (2000); *see Lockyer v. Andrade,* 538 U.S. 63, 70-73 (2003) (explaining this standard).

[4] *Williams v. Taylor*, 529 U.S. at 412.

[5] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations by the Court); *see Wright v. Van Patten*, 128 S. Ct. 743, 746-47 (2008) (per curiam).

[6] *Wiggins v. Smith*, 539 U.S. 510, 520–21 (2003).

[7] *Schriro v. Landrigan*, 550 U.S. 465, ___, 127 S. Ct. 1933, 1939 (2007).

[8] *Fry v. Pliler*, 551 U.S. 112, ___, 127 S. Ct. 2321, 2328 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)).

[9] *Ylst v Nunnemaker*, 501 U.S. 797, 804 (1991); *Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004)

[10] 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

all the issues presented to it and perform an independent review of the record to ascertain whether the state court decision was objectively unreasonable.[11]  The scope of this review is for clear error of the state court ruling on the petition:

> [A]lthough we cannot undertake our review by analyzing the basis for the state court's decision, we can view it through the "objectively reasonable" lens ground by *Williams*. . . . Federal habeas review is not *de novo* when the state court does not supply reasoning for its decision, but an independent review of the record is required to determine whether the state court clearly erred in its application of controlling federal law.  Only by that examination may we determine whether the state court's decision was objectively reasonable.[12]

To the extent that Williams raises issues of the proper application of State law, they are beyond the purview of this Court in a federal habeas proceeding.  It is a fundamental precept of dual federalism that the States possess primary authority for defining and enforcing the criminal law.[13]  A federal court must accept that state courts correctly applied state laws.[14]  A fundamental principle of our federal system is "that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."[15]  This principle applied to federal habeas review of state convictions long before AEDPA.[16]  A federal court errs if it interprets a state legal doctrine in a manner that directly

---

[11] *Reynoso v. Giurbino*, 462 F.3d 1099, 1109 (9th Cir. 2006); *Pham v. Terhune*, 400 F.3d 740, 742 (9th Cir. 2005) (per curiam).

[12] *Delgado v. Lewis* (*Delgado II*), 223 F.3d 976, 982 (9th Cir. 2000) (internal citation omitted); *see also Lewis v. Mayle*, 391 F.3d 989, 996 (9th Cir. 2004).

[13] *See Engle v. Isaac*, 456 U.S. 107, 128 (1982).

[14] *Bell v. Cone,* 543 U.S. 447, 455 (2005); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law); *Walton v. Arizona,* 497 U.S. 639, 653 (1990) (it is presumed that the state court knew and correctly applied state law) *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002).

[15] *Bradshaw v. Richey,* 546 U.S. 74, 76, (2005); *see also West v. AT & T,* 311 U.S. 223, 236 (1940) ("[T]he highest court of the state is the final arbiter of what is state law. When it has spoken, its pronouncement is to be accepted by federal courts as defining state law....").

[16] *See Mullaney v. Wilbur,* 421 U.S. 684, 691 (1975) ("state courts are the ultimate expositors of state law")

conflicts with the state supreme court's interpretation of the law.[17]  It does not matter that the state supreme court's statement of the law was dictum if it is perfectly clear and unambiguous.[18]

A determination of state law by a state appellate court is also binding in a federal habeas action.[19]  This is especially true where the highest court in the state has denied review of the lower court's decision.[20]

## IV.  DISCUSSION

Ground 1:  Failure to Sua Sponte Instruct on Reasonable Belief of Consent.

Ground 3:  Failure to Instruct on Theory of Defense Violated Sixth and Fourteenth Amendments.

The first and third grounds raised by Williams present the same issue in a slightly different context.  The first ground asserts that the failure to *sua sponte* instruct violated state law, while the third presents the failure in a federal constitutional context.

In rejecting Williams' argument, the California Court of Appeal held (emphasis in the original):

> Defendant contends the trial court erred by failing to instruct the jury, sua sponte, on the defense of reasonable and good faith belief of consent.[FN3]  (CALJIC No. 10.65; *People v. Mayberry* (1975) 15 Cal.3d 143, 153-158.)  Our review of the record shows no substantial evidence to trigger a sua sponte obligation to give such an instruction.
>
> > FN3. CALJIC No. 10.65 provides in relevant part: "In the crime of unlawful [forcible rape] [oral copulation by force and threats] criminal intent must exist at the time of the commission of the [crime charged].  [¶]  There is no criminal intent if the defendant had a reasonable and good faith belief that the other person voluntarily consented to engage in [sexual intercourse] [oral copulation].

---

[17] *See Bradshaw,* 546 U.S. at 76-78 ("Because the Sixth Circuit disregarded the Ohio Supreme Court's authoritative interpretation of Ohio law, its ruling on sufficiency of the evidence was erroneous.").

[18] *Id.* at 76.

[19] *See Hicks v. Feiock,* 485 U.S. 624, 629–30 & n.3 (1988) (noting state appellate court's determination of state law is binding and must be given deference).

[20] *Id.*; *see also West,* 311 U.S. at 237 ("This is the more so where, as in this case, the highest court has refused to review the lower court's decision rendered in one phase of the very litigation which is now prosecuted by the same parties before the federal court."); *Shannon v. Newland,* 419 F.3d 1083, 1087 (9th Cir. 2005) (same).

> Therefore, a reasonable and good faith belief that there was voluntary consent is a defense to such a charge."

"A trial court's duty to instruct, sua sponte, on particular defenses arise '"only if it appears that the defendant is relying on such a defense, or if there is substantial evidence supportive of such a defense and the defense is not inconsistent with the defendant's theory of the case."' [Citations.]" ( *People v. Maury* (2003) 30 Cal.4th 342, 424.)

"'The *Mayberry* defense has two components, one subjective, and one objective. The subjective component asks whether the defendant honestly and in good faith, albeit mistakenly, believed that the victim consented to sexual intercourse [here, intercourse or oral copulation]. In order to satisfy this component, a defendant must adduce evidence of the victim's equivocal conduct on the basis of which he erroneously believed there was consent. [¶] In addition, the defendant must satisfy the objective component, which asks whether the defendant's mistake regarding consent was reasonable under the circumstances. Thus, regardless of how strongly a defendant may subjectively believe a person has consented to sexual intercourse, that belief must be formed under circumstances society will tolerate as reasonable in order for the defendant to have adduced substantial evidence giving rise to a *Mayberry* instruction.'[Citation.]" ( *People v. Maury, supra,* 30 Cal.4th at p. 424.)

In this case, there was no direct evidence of defendant's subjective belief. Nor was there any substantial circumstantial evidence that defendant subjectively believed that S.S. consented to oral copulation or sexual intercourse.

Even if, as the prosecutor surmised, Carter had advised defendant of S.S.'s earlier willingness to "make out" with him in the bathroom, she had not engaged in oral copulation or sexual intercourse with Carter and defendant had no reasonable basis to deduce that she would consent to those activities with him.

Moreover, defendant was present when S.S. assured A.S. that she was "fine" and "safe" with Carter, and A.S. responded by departing. By her words, S.S. effectively assured A.S. that she would *not* consent to sex with Carter; by departing, A.S. effectively confirmed that this was her understanding. Defendant could not *reasonably* deduce from this exchange that S.S. would consent to sex with him or Carter.

Although S.S. voluntarily proceeded into defendant's apartment, she directed Carter to stop his sexual activity before defendant engaged in any sex acts of his own. Any belief of consent that possibly could have existed prior to that time became manifestly unreasonable once S.S. told Carter to stop.

Finally, as the jury was instructed, S.S.'s post-assault inquiry whether Carter had, "at least," used a condom does not by itself establish consent. Even if the question was asked while S.S. was being turned over, and not following the

completion of the assault, the question is not sufficient to support a reasonable belief of consent.

In sum, there was no substantial evidence to support a defense of reasonable belief of consent. The court had no duty sua sponte, to instruct with CALJIC No. 10.65. Thus, it was properly omitted. (*People v. Maury, supra,* 30 Cal.4th at p. 424.)

To the extent that the decision of the California Court of Appeal was based upon California law it is, as noted above, beyond the purview of this Court in a federal habeas proceeding. The Supreme Court has held that due process requires criminal defendants be afforded a meaningful opportunity to present a complete defense. This right includes the right to have the jury instructed on the theory of defense, where the defendant puts forth sufficient evidence for a reasonable juror to find in his favor and he requests such an instruction.[21] Habeas relief is available for an incorrect jury instruction only if the "instruction by itself so infected the entire trial that the resulting conviction violates due process."[22] Williams' "burden is especially heavy" because he alleges that the trial court merely omitted an instruction, not that it misstated the law.[23] Omission of the instruction must also have a substantial and injurious effect on the jury verdict.[24] Finally, as the Ninth Circuit has noted, the Supreme Court has not held that a trial court is required to give a CALJIC 10.65 instruction *sua sponte.*[25]

In this case, not only did Williams not request the instruction, the California court found that, under California law, Williams failed to put forth sufficient evidence for a reasonable juror to find in his favor on the issue. Consequently, this Court cannot say that the decision of the California Court of Appeal was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based

---

[21] *Mathews v. United States,* 485 U.S. 58, 63 (1988) (reversing a conviction and holding that even if a defendant denies one or more elements of the crime, he is entitled to an entrapment instruction whenever there is sufficient evidence from which a reasonable jury could find entrapment, and the defendant requests such an instruction).

[22] *Estelle v. McGuire,* 502 U.S. at 72.

[23] *Henderson v. Kibbe,* 431 U.S. 145, 155 (1977).

[24] *Brecht v. Abrahamson,* 507 U.S. at 637.

[25] *Drew v. Scribner*, 252 Fed. Appx. 815 (9th Cir. 2007).

on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[26]  Nor can this Court find that the state court unreasonably applied the correct legal principle to the facts of Williams' case, *i.e.*, the state court decision was more than incorrect or erroneous, its application of clearly established law was objectively unreasonable.

Williams is not entitled to relief under his first and third grounds.

Ground 2:   <u>Insufficiency of Evidence to Support the Firearms Conviction</u>.

The California Court of Appeal rejected Williams' argument that the evidence was insufficient to support a finding that he had used a firearm in the commission of the sexual assault.

> Defendant contends the true findings on the section 12022.3 firearm allegations are not supported by sufficient evidence that he "did in fact have a weapon that night," and that it "was used during the commission of the sex offenses."  We disagree.

> "'To determine sufficiency of the evidence, we must inquire whether a rational trier of fact could find [the firearm allegation true] beyond a reasonable doubt.  In this process we must view the evidence in the light most favorable to the judgment and presume in favor of the judgment the existence of every fact the trier of fact could reasonably deduce from the evidence.  To be sufficient, evidence of each of the essential elements of the crime must be substantial and we must resolve the question of sufficiency in light of the record as a whole.'" (*People v. Carpenter* (1997) 15 Cal.4th 312, 387, quoting *People v. Johnson* (1993) 6 Cal.4th 1, 38; see *Jackson v. Virginia* (1979) 443 U.S. 307, 317-320 [61 L.Ed.2d 560, 572-574].)

> "Except where additional evidence is required by statute, the direct evidence of one witness who is entitled to full credit is sufficient for proof of any fact." (Evid.Code, § 411; see *People v. Cuevas* (1995) 12 Cal.4th 252, 262; *People v. Scott* (2002) 100 Cal.App.4th 1060, 1064.)

> Section 12022.3, subdivision (a), provides a 3-, 4-, or 10-year enhancement "if the person uses a firearm or a deadly weapon in the commission of" specified sexual offenses.  "[T]he legislative intent to deter the use of firearms in the commission of specified felonies requires that 'use' be broadly construed. In the case of a weapons-use enhancement, such use may be deemed to occur 'in the commission of' the offense if it occurred before, during, or after the technical completion of the felonious sex act.  The operative question is whether the sex offense posed a

---

[26] 28 U.S.C. § 2254(d).

greater threat of harm—i.e., was more culpable—because the defendant used a deadly weapon to threaten or maintain control over his victim."(*People v. Jones* (2001) 25 Cal.4th 98, 109-110, italics omitted.)

In this case, there was substantial evidence that defendant did in fact have a gun. S.S., the victim, saw a gun in defendant's left hand.  Defendant alluded to his possession of the gun when he stated, "I don't want to have to shoot nobody."

There also was substantial evidence that defendant used his gun "in the commission of" the sexual offenses.  The record shows that he used the gun to prevent S.S. from calling out to her friends and to deter her from reporting the crime.

Thus, when S.S. heard a loud bang coming from the direction of the apartment's front door, defendant told Carter to keep her quiet. Defendant's statement, "I don't want to have to shoot nobody," caused S.S. to be "real quiet."  When the door was opened, S.S. heard her friends' voices but she did not call out to them, "[b]ecause [defendant] had a gun."  When S.S. later returned to R.G.'s apartment, she did not immediately report the crimes because she knew defendant had a gun and she did not want her friends to return to his apartment and confront him.  Still later, when she told A.S. that she had been raped, S.S. told A.S. "to be quiet, to not say" anything, because defendant "had a gun."  During an ensuing encounter with Carter and defendant, S.S. avoided eye contact and did not say anything.

In sum, defendant used the gun to threaten S.S. and to maintain control over her, thus delaying her reporting of the offenses.  (*People v. Jones, supra,* 25 Cal.4th at pp. 109-110.)  The section 12022.3 enhancements are supported by sufficient evidence.  (*People v. Carpenter, supra,* 15 Cal.4th at p. 387.)

As stated by the Supreme Court in *Jackson v. Virginia*, the constitutional standard for sufficiency of the evidence is whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[27]  This court must, therefore, determine whether the decision by the California court unreasonably applied *Jackson*.

Williams misperceives the role of a federal court in a habeas proceeding challenging a state-court conviction.  This Court is precluded from either re-weighing the evidence or assessing the credibility of witnesses.  Under *Jackson*, the role of this Court is to simply determine whether there is any evidence, if accepted as credible by the jury, sufficient to sustain conviction.  That

---

[27] 443 U.S. 307, 319 (1979) (emphasis in the original).

such evidence exists is clearly established by the record in this case.  Williams bears the burden of establishing by clear and convincing evidence that the factual findings of the jury were erroneous; a burden he has failed to carry.

It is a fundamental precept of dual federalism that the States possess primary authority for defining and enforcing the criminal law.[28]  Consequently, although the sufficiency of the evidence review by this Court is grounded in the Fourteenth Amendment, it must undertake its inquiry by reference to the elements of the crime as set forth in state law.[29]  This Court must also be ever mindful of the deference owed to the trier of fact and the sharply limited nature of constitutional sufficiency review.[30]

This Court cannot say that the decision of the California Court of Appeal was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[31]  Nor can this Court find that the state court unreasonably applied the correct legal principle to the facts of Williams' case, *i.e.*, the state court decision was more than incorrect or erroneous, its application of clearly established law was objectively unreasonable.

Williams is not entitled to relief under his second ground.

Ground 4:  Inconsistent Conviction (Codefendants Acquitted).

Williams argues that the acquittal by another jury of his codefendants is inconsistent with his conviction on the acting in concert counts.  Williams raised this claim in his petition to the California Supreme Court for a writ of habeas corpus.  The California Supreme Court denied the petition citing *In re Dixon* (1953) 41 Cal. 2d 756 [264 P.2d 513].[32]  Williams also raised the issue in his subsequent petition for habeas relief in the Sacramento County Superior Court.  The

---

[28] *See Engle v. Isaac*, 456 U.S at 128.

[29] *Jackson*, 443 U.S. at 324 n.16.

[30] *Juan H. v. Allen*, 406 F.3d 1262, 1275 (9th Cir. 2005).

[31] 28 U.S.C. § 2254(d).

[32] Under *Dixon* a petitioner is precluded from raising in a state habeas proceeding issues that could have been, but were not raised on direct appeal.  264 P.2d at 514.

Sacramento County Superior Court denied his petition on procedural grounds, including his claim of inconsistent verdicts, citing, in addition to *Dixon*, *In re Harris* (1993) 5 Cal. 4th 813, 829 [855 P.2d 391] and *In re Waltreus* (1965) 62 Cal. 2d 218, 225 [397 P.2d 1001].[33]  The Sacramento County Superior Court also held:[34]

> Even if these grounds were subject to consideration, however, petitioner would not prevail on them.  Petitioner was tried by one jury, the defendants who were acquitted were tried by another.  Even when they have similar evidence, different juries may reach different conclusions as to guilt.  (*See People v. Palmer* (2001) 34 Cal.4th 856 [verdicts by different juries].)  Additionally, a different result by petitioner's jury does not create an insufficiency in the evidence.

Respondent argues that Williams is procedurally barred from raising this issue in the habeas proceedings before this Court.  Federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment."[35]  This Court may not reach the merits of procedurally defaulted claims, that is, claims "in which the petitioner failed to follow applicable state procedural rules in raising the claims · · ·."[36]  "[I]n order to constitute adequate and independent grounds sufficient to support a finding of procedural default, a state rule must be clear, consistently applied, and well established at the time of the petitioner's purported default."[37]  Where a petitioner's claims are defaulted in state court on an adequate and

---

[33] Habeas cannot serve as a second appeal (*Harris*), including matters that could have been raised on appeal but were not (*Waltreus*).

[34] Although it appears from the record that Williams did not seek further relief in either the California Court of Appeal or the California Supreme Court subsequent to denial of relief by the Sacramento County Superior Court, because the issue was presented to the California Supreme Court in his first habeas petition, he has exhausted his state court remedies as to this ground.  *See Chambers v. McDaniel*, 549 F.3d 1191, 1195 (9th Cir. 2008).  For the purposes of this decision, the Court assumes that, based upon the earlier denial by the California Supreme Court, had Williams sought further review on the appellate courts it would have been denied on the same procedural grounds cited by the Sacramento County Superior Court.  Thus, the Court treats the decision of the Sacramento County Superior Court as the last reasoned decision addressing this issue.

[35] *Coleman v. Thompson,* 501 U.S. 722, 729 (1991).

[36] *Sawyer v. Whitley,* 505 U.S. 333, 338, (1992).

[37] *Morales v. Calderon,* 85 F.3d 1387, 1393 (9th Cir. 1996) (internal quotations marks and citation omitted).

MEMORANDUM DECISION
*Williams v Curry*, 2:05-cv-01313-JWS                    11

independent state ground, they will not be considered in federal habeas proceedings unless the petitioner can demonstrate cause for the default and actual prejudice.[38]

"Once the state has adequately pled the existence of an independent and adequate state procedural ground as an affirmative defense, the burden to place that defense in issue shifts to the petitioner."[39]  Williams does not assert that the California rule is not an adequate and independent state ground, *i.e.*, that it is not "clear, consistently applied, and well established."  Consequently, Williams has failed to carry his burden to refute the procedurally defaulted defense raised by Respondent.

Even if the Court were to reach the merits of his claim, Williams would not prevail. Williams argues that his case differs from *Palmer*, the case cited by the Sacramento Superior Court, in that he also challenges the sufficiency of the evidence to support his acting in concert convictions.  In short, Williams is arguing that the Sacramento Superior Court misapplied *Palmer*.  Unfortunately for Williams, as noted above, this is an issue of state law beyond the purview of this Court in a federal habeas proceeding.

The United States Supreme Court has embraced the same general rule applied in *Palmer*. "Inconsistency in a verdict is not a sufficient reason for setting it aside. We have so held with respect to inconsistency between verdicts on separate charges against one defendant, and also with respect to verdicts that treat codefendants in a joint trial inconsistently."[40]  Consequently, based upon the record before it, this Court cannot say that the decision of the Sacramento County Superior Court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[41]  Nor can this Court find that the state court unreasonably applied the correct legal

---

[38] *See Coleman,* 501 U.S. at 729.

[39] *Bennett v. Mueller,* 322 F.3d 573, 586 (9th Cir. 2003)

[40] *Harris v. Rivera* (1981) 454 U.S. 339, 345 (1981) (citations and footnote omitted).

[41] 28 U.S.C. § 2254(d).

principle to the facts of Williams' case, *i.e.*, the state court decision was more than incorrect or erroneous, its application of clearly established law was objectively unreasonable.

Williams is not entitled to relief under his fourth ground.

Ground 5:  Ineffective Assistance of Counsel.

Williams contends that he was denied effective assistance of counsel because appellate counsel failed to discover and use his fourth ground on appeal.  Respondent contends that Williams has not exhausted available state court remedies with respect to this claim.[42]  The Court agrees.  Williams raised this claim for the first time before the Sacramento County Superior Court.[43]  As noted above, subsequent to the denial of relief by the Sacramento County Superior Court Williams did not seek relief from the California Court of Appeals or the California Supreme Court.  In order to have properly exhausted his state court remedies, a petitioner must present the claim to the highest state court in which review is allowed.[44]  Unlike his inconsistent verdict claim (fourth ground), Williams did not present his ineffective assistance of counsel claim to the California Supreme Court.  Consequently, it is unexhausted.

Even if the Court were to reach the merits, Williams would not prevail.  To demonstrate ineffective assistance of counsel, Williams must show both that his counsel's performance was deficient and that the deficient performance prejudiced his defense.[45]  A deficient performance is one in which counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment.[46]  The failure of appellate counsel to raise meritless or

---

[42] 28 U.S.C. § 2254(b)(1).

[43] As before this Court, this claim is raised somewhat obliquely and does not appear to have been addressed by the Sacramento County Superior Court.  Williams did directly raise an ineffective assistance of *trial* counsel in his petition, which the Superior Court did address and deny.  Because there is no reasoned decision addressing this claim, this Court must address the issue *de novo* on the record before it.

[44] *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845–47 (1999).

[45] *Strickland v. Washington,* 466 U.S. 668, 687 (1984).

[46] *Id.*

weak issues does not constitute ineffective assistance of counsel.[47]  Williams must show that appellate counsel's representation was not within the range of competence demanded of attorneys in criminal cases and that there is a reasonable probability that, but for counsel's ineffectiveness, the result would have been different.[48]  As discussed above, the likelihood that Williams would have prevailed on his fourth ground was practically nonexistent.

This Court cannot say that the decision of the Sacramento County Superior Court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[49]  Nor can this Court find that the state court unreasonably applied the correct legal principle to the facts of Williams's case; *i.e.*, the state court decision was more than incorrect or erroneous, its application of clearly established law was objectively unreasonable.  Williams has failed to overcome the strong presumption that counsel's performance fell within the wide range of reasonable professional assistance.   In particular, this Court cannot find that the determination that counsel's performance was not within the range of competence demanded of attorneys in criminal cases or that there is a reasonable probability that, but for counsel's ineffectiveness, the result would have been different.

Williams is not entitled to relief on his fifth ground.

## V.  CONCLUSION AND ORDER

Williams is not entitled to relief under any grounds raised in the petition.  Accordingly,

**IT IS ORDERED THAT** the Petition for a writ of habeas corpus under 28 U.S.C. § 2254 is **DENIED**.

---

[47]  *See Jones v. Barnes*, 463 U.S. 745, 751–52 (holding that appellate counsel does not have an obligation to raise every nonfrivolous argument); *Miller v. Keeney*, 882 F.2d 1428, 1428 (9th Cir.1989) (holding that appellate counsel's failure to raise a weak issue did not constitute ineffective counsel).

[48]  *Hill v. Lockhart,* 474 U.S. 52, 57 (1985).

[49]  28 U.S.C. § 2254(d).

MEMORANDUM DECISION
*Williams v Curry*, 2:05-cv-01313-JWS                14

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[50]  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.  *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.

The Clerk of the Court to enter final judgment accordingly.

Dated:  February 3, 2009.

/s/ John W. Sedwick
JOHN W. SEDWICK
United States District Judge

---

[50] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a COA should be granted where the applicant has made "a substantial showing of the denial of a constitutional right," *i.e.,* when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (internal quotation marks and citations omitted).

MEMORANDUM DECISION
*Williams v Curry*, 2:05-cv-01313-JWS                    15